The next case is Thule v. Schwaller. We're skipping DeRosa because the council isn't there yet. Good morning, Your Honors. Joseph Spadola on behalf of SUNY Potsdam President John Schwaller. President Schwaller was entitled to qualified immunity with respect to both of the adverse actions at issue here, namely the plaintiff's placement on involuntary leave pending a medical examination and his subsequent termination for failing to appear at that examination, among other things. In denying qualified immunity, the district court committed a fundamental error by relying exclusively on President Schwaller's alleged failure to comply with the New York Civil Service law. But as we explained in our brief, any violation of state procedural law is not relevant to a federal due process claim. Don't say it's not relevant. It is relevant, but it isn't a finding. Obviously, if you violate state law, it may be enough so that due process is violated. It may be enough so that a person who follows it should not get qualified immunity. Our holdings are that it isn't enough that you violate state law. That's all you need to say that the district court erred. That's correct, Your Honor. There are cases that say that it's not relevant, and I think that essentially just saying what Your Honor's point, you know, if there is a violation of state law Saying it's not relevant, saying it doesn't matter. That isn't the point. It matters, but you can't do what the district court did, which say because there is a state law, therefore there is no qualified immunity. That is error, and that's all you need. Correct. Correct. It may have evidentiary relevance, but it's not determinative. Exactly. The conduct underlying the violation may be relevant, but the violation itself is not sufficient to prove a federal due process violation. So beginning first with the plaintiff's placement on leave. The due process part. I mean, I think you're probably arguing both, that due process was accorded here to the plaintiff, and also that a for sure I use the title of qualified immunity. Correct. We believe that both prongs of the analysis are satisfied here, and the Supreme Court has said that this court can take either prong first, but we think that there's no violation of due process, much less a clearly established due process violation. With respect to the placement on leave, plaintiff's claim fails for several reasons, including the threshold reason that the plaintiff was not deprived of a property interest protected by due process, because he, as he now concedes on appeal, continued to receive his full salary during his involuntary leave period. Is that really conceded? I was left kind of confused, frankly, on whether he was getting paid when he was on leave or not. Now, the fact that he's not here makes it difficult, and of course the fact that he's never been here at any of the things is part of your case, but we don't know. Is that conceded, that he actually got paid on appeal, on leave? I believe that it is. In his statement of facts, he has inconsistent allegations. In one place he says he stopped receiving pay in April, which is before his placement on leave, and in another place he says he stopped receiving pay in August of 2011, which is when he was terminated. And we asserted in our opening brief that the April allegation was a typo, because the deposition passage he cites there actually says August, not April. And in his response brief, he never contested that the April allegation was a typo. Could we assume that he was—I mean, we'll have to figure out if there is actually a claim that he was deprived of salary during that time. Is a failure to give grounds for why there should be a hearing, which with respect to the mental illness thing, there clearly was not a statement. Could that be—is it arguable that that is a violation of due process and that that is clear enough so that—well, sufficiently—so that qualified immunity might not apply? No, for two reasons. The first is that he continued to receive pay. So if he—putting that aside— If he continued to receive pay, there may be no deprivation, and then that settles it. Similarly, if your client wasn't involved, and that's clear enough, then you win, period. My question is, essentially, do you win, period, or do we send it back? And my question—so if those are uncertain, do we have some reason for sending it back? Even if he was deprived of pay, and even if President Schwaller was somehow responsible for that deprivation, his claim would still fail because there is no clearly—there is no case law, much less clearly established case law, requiring written notice of the basis for placing someone on a temporary medical leave. And, in fact, even in the case of an unpaid suspension, the Supreme Court has said that you can dispense with all pre-deprivation process if the employer perceives a risk of harm in keeping the employee on the job. This is the Gilbert decision? The Gilbert decision, yes, and this Court's decision in Strong, which preceded that decision but relied on the same line of authority. You're saying that even though this might violate state law, under federal law, there is no such requirement sufficient to get by qualified immunity. Correct, and, in fact, under federal due process law, written notice is not required even for termination. So in the Loudermill case, the U.S. Supreme Court case from 1985, the Court said that oral notice of the charges is sufficient before terminating a tenured state employee. There is no need for written notice. So in the case of a temporary suspension, written notice is not required under the— Loudermill says you should receive oral or written notice, an explanation of the evidence, and an opportunity to be heard. Can all of those things take place in one meeting, or do you need to be given some notice of the charges beforehand? I'm not aware of any case law suggesting that there needs to be more than one meeting. In fact, the Supreme Court has said that this process need not be elaborate and that it can be done orally, and I believe that there are cases saying that a meeting in which the charges are presented and the employee is given an opportunity to respond is sufficient under Loudermill. There's certainly no case law going the other way, suggesting that— Are you arguing additionally that even if some kind of notice was given, in this case where the person was told you can come to a meeting and we'll explain more, and the person has not done that, that that in itself would be sufficient even if notice were needed? Correct, because under this Court's decision in Narumanchi, where an employee does not take advantage of the process afforded to him, he can't complain about that process. There's no way for the Court to assess what would have happened at that meeting if he declined to even participate. And so there's that July 18th disciplinary meeting where he was repeatedly told, if you don't come to this meeting, disciplinary action will be taken against you and you will waive your opportunity to present contrary information. Even his own union official told him, you will be terminated if you don't show up for this meeting. He nonetheless failed to appear, and that same day the university issued a termination letter. And at that point he had already received all the process to which he was entitled under the Due Process Clause. But the university realized that under the collective bargaining agreement, they needed to give him a 14-day period to file a grievance. And so they ended up rescinding the termination and issuing... To give him the time. To give him the time. And he ultimately never filed a grievance, and that grievance would have resulted in a full adversarial hearing before his termination, which is definitely not required under the Federal Due Process Clause, although it is required under the collective bargaining agreement. Let me ask you precisely what you're asking of us. You're asking us to say that the district court erred on its basis for finding no qualified immunity, even admitting all the facts as it must. Then are you asking us to vacate and remand, or are you asking us to reverse and to grant qualified immunity? The latter, Your Honor, because we think that the record before the court is sufficient to establish that there is no violation of clearly established due process law. And here, unlike a situation where it comes from an administrative agency, if we find on the basis of the record that the district court should have found this way, we are allowed to do it. Correct. Affirmance would be proper on that ground because it's supported by the record. We're not deferring. I mean, this is a motion for summary judgment, so our review is de novo. Correct. This is de novo review, and so the court can affirm on any basis supported by the record. And qualified immunity was preserved in this case. We raised the argument below. And so the court can issue a de novo decision finding that he should have been granted qualified immunity. Thank you. When argued, I take it you're not taking any time for rebuttal. I think it would be futile in this case. Thank you, Your Honors. Thank you for your argument. We'll take it under submission.